UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MICHAEL JILES, | No. C 12-3795 MEJ |
| Plaintiff, | **ORDER RE DEFENDANTS' MOTION TO DISMISS (Docket No. 35)** |
| v. | |
| CITY OF PITTSBURG, et al., | |
| Defendants. _____ / | |

### INTRODUCTION

Plaintiff Michael Jiles (Plaintiff) brings this civil rights action against Defendants City of Pittsburg (Pittsburg), the Pittsburg Police Department (PPD), PPD Chief Aaron L. Baker, and individual PPD Officers Nicholas Pat Boccio, Philip Galer, Brian Mathews, Ryan Ruff, A. Bordenkircher, and R. Myers (collectively, Defendants). First Am. Compl. (FAC), Dkt. No. 23. Plaintiff alleges that the Officers unlawfully assaulted, battered, restrained, and searched him during a parole stop. *Id.* Defendants now move to dismiss parts of Plaintiff's FAC for failure to state a claim under Federal Rule of Civil Procedure (Rule) 12(b)(6). Dkt. No. 35. Plaintiff has filed an Opposition, to which Defendants have filed a Reply. Dkt. Nos. 38 and 39. The Court finds this matter suitable for disposition without a hearing and hereby VACATES the December 20, 2012 hearing. Civil L.R. 7-1(b). After carefully considering the parties' briefs and the controlling legal authorities, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion as set forth below.

**BACKGROUND**

The relevant facts as alleged in Plaintiff's FAC are as follows.

On July 1, 2011, Plaintiff rode his motorcycle and parked it in the Pittsburg Marina parking lot, at which time Galer detained him for a parole search. FAC ¶ 8. Plaintiff requested to use the restroom several times, but Galer denied him permission to do so until he had completed his investigation. *Id.* Galer also told Plaintiff that "he could pee down his pants if he wanted too [sic]." *Id.* Plaintiff then ran towards the restroom, followed by Galer. *Id.* Galer slammed Plaintiff into the glass door of a parked van, at which point Boccio approached, grabbed Plaintiff's hair, and repeatedly struck him in the head and chest with his knee. *Id.* Galer, Boccio, and Ruff forced Plaintiff to the ground in a face-down position and, while the three officers were on top of him, Mathews released his police dog on Plaintiff. *Id.* Plaintiff states that this altercation caused him serious physical injuries. *Id.* Plaintiff was then handcuffed and transported directly to Contra Costa County Hospital and treated for his injuries. *Id.* He was placed under arrest for claimed violations of California Penal Code sections 69 and 3056, and Health and Safety Code section 11351. *Id.*

Plaintiff alleges that he was assaulted, battered, restrained, and searched by Galer, Boccio, Mathews, and Ruff for no lawful reason and in violation of his civil rights. *Id.* ¶ 9. Plaintiff further alleges that Bordenkircher and Myers deliberately misstated the results of their investigative interviews with two witnesses. *Id.* Plaintiff brings the following claims: (1) excessive force and unlawful search and seizure under 42 U.S.C. § 1983 against Pittsburg, Baker, Boccio, Galer, Mathews, Ruff, Bordenkircher, and Myers; (2) a *Monell* claim against Pittsburg and Baker; (3) violation of 42 U.S.C. § 1981 against Pittsburg, Baker, Boccio, Galer, Mathews, Ruff, Bordenkircher, and Myers; (4) violation of California Civil Code section 51.7 against Pittsburg, Boccio, Galer, Mathews, Ruff, Bordenkircher, and Myers; (5) assault against Pittsburg, Boccio, Galer, Mathews, Ruff, Bordenkircher, and Myers; (6) battery against Pittsburg, Boccio, Galer, Mathews, Ruff, Bordenkircher, and Myers; (7) intentional infliction of emotional distress (IIED) against Pittsburg, Boccio, Galer, Mathews, Ruff, Bordenkircher, and Myers; (8) negligence against Pittsburg, Boccio, Galer, Mathews, Ruff, Bordenkircher, and Myers; (9) negligent selection, training, retention,

supervision, investigation, and discipline in violation of 42 U.S.C. § 1983 against Pittsburg and Baker; (10) violation of California Civil Code section 52.1 against Pittsburg, Boccio, Galer, Mathews, Ruff, Bordenkircher, and Myers; (11) injunctive and declaratory relief against Pittsburg and Baker; and (12) conspiracy against Boccio, Galer, Mathews, Ruff, Bordenkircher, and Myers.

Defendants filed the present Motion to Dismiss on November 15, 2012. Dkt. No. 35. Defendants move the Court for an order dismissing counts 1, 3, 4, 5, 6, 7, 8, and 10 as to some or all Defendants. *Id.* at 1. Defendants also move the Court for an order pursuant to Rule 12(e) on the grounds that the FAC is indefinite and unintelligible as to Pittsburg regarding alleged state claims. *Id.*

## LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts."

3

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## DISCUSSION

Defendants only move to dismiss certain portions of Plaintiff's Complaint.[1] The Court addresses the arguments from their Motion in turn below.

**A.     First Cause of Action**

In his first cause of action under 42 U.S.C. § 1983, Plaintiff alleges that Pittsburg, Baker, Boccio, Galer, Mathews, Ruff, Bordenkircher, and Myers acted under color of law to deprive him of the right to be free from the use of excessive force and unlawful search and/or seizure, in violation of the Fourth Amendment to the United States Constitution. FAC ¶¶ 12-14. Defendants seek to dismiss this cause of action against Chief Baker because there are no allegations that he was at the scene of the incident, let alone used excessive force on Plaintiff. Mot. at 3. For the same reason, Defendants argue that the claim against Pittsburg is also improper. *Id.* at 3-4. Plaintiff argues that the FAC clearly alleges that the actions of the individual officers violated his rights, and that the violations were committed as a result of policies, procedures and customs of Pittsburg and the PPD. Opp'n at 6-7. Plaintiff further argues that Bordenkircher and Myers were an integral part of the conspiracy to harm him. *Id.* at 7-8.

Plaintiff's argument regarding Pittsburg's custom or policy is misplaced. In his FAC, Plaintiff brings two § 1983 excessive force causes of action against Defendants – the first cause of action against all Defendants and the second cause of action solely against Pittsburg and Baker. FAC ¶¶ 12-18. Defendants seek dismissal of the first cause of action, which contains no custom or policy allegations, only as to Pittsburg, Baker, Bordenkircher, and Myers. Defendants do not seek dismissal of the second cause of action, which relates to Plaintiff's custom or policy allegations.

As to the first cause of action, the Court notes that there are no allegations that Pittsburg,

---

[1] As a preliminary matter, the Court notes that Defendants seek dismissal of certain claims against the PPD. However, as Plaintiff separately listed the Defendants for each cause of action in his FAC and failed to allege any claims against the PPD, the Court finds that Plaintiff has failed to bring any claims against the PPD.

4

Baker, Bordenkircher, or Myers used excessive force on Plaintiff.  Further, there is no respondeat superior liability under § 1983, and therefore, no liability is imposed against defendant supervisors or employers of persons who allegedly violated a plaintiff's constitutional rights.  *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Similarly, a local governmental entity such as Pittsburg "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts that may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Monell*, 436 U.S. at 694.  Thus, Pittsburg may not be held liable for the acts of its employees unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Id.* at 690-91; *see also Orin v. Barclay*, 272 F.3d 1207, 1216 (9th Cir. 2001).  Further, "[u]nder Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hanson v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989). "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* (citing *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)).

      Based on this standard, the Court finds that Plaintiff's first claim fails to state facts sufficient to constitute a cause of action against Pittsburg, Bordenkircher, or Myers because there are no allegations that they used excessive force.  Accordingly, Defendants' Motion to Dismiss Plaintiff's first cause of action is GRANTED WITHOUT LEAVE TO AMEND.  As to Baker, Defendants' Motion is GRANTED WITH LEAVE TO AMEND, but only if Plaintiff can allege Baker's personal involvement or a sufficient causal connection between his individual conduct and the constitutional violation.

### B.     Third and Fourth Causes of Action

In his third cause of action under 42 U.S.C. § 1981, Plaintiff alleges that all named Defendants deprived him of the "full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian citizens." FAC ¶ 21. In his fourth cause of action under California Civil Code section 51.7, Plaintiff alleges that all named Defendants (except Baker) acted with racial prejudice against him as an African American, and that their conduct was based upon a pattern and practice of similar conduct. *Id.* ¶ 25. Defendants seek dismissal of these causes of action as to Pittsburg, Baker, Bordenkircher, and Myers, arguing that the same defects that plague the first cause of action apply equally to the third and fourth causes of action. Mot. at 4. In his Opposition, Plaintiff raises the same arguments as those discussed above for his first cause of action.

#### 1.     42 U.S.C. § 1981

"Section 1981 prohibits racial discrimination through state or private action, and requires a showing of intentional discrimination on account of race." *Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1224 (N.D. Cal. 2001) (citing *Evans v. McKay,* 869 F.2d 1341, 1344 (9th Cir. 1989)). Specifically, § 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings." 42 U.S.C. § 1981.

Courts appear split on the question of whether claims of false arrest and excessive force form the basis for § 1981 claims of intentional discrimination. For example, in *Brew*, 138 F. Supp. 2d at 1224, the District Court held that an African American's claim of false arrest did not provide a basis for a § 1981 claim against a police officer, absent a showing of how the plaintiff's arrest could be considered a racially discriminatory effort to deny him of his right to sue, be party, and give evidence. *See also Morgan v. Dist. of Col.*, 550 F. Supp. 465, 467 (D.D.C. 1982), *aff'd*, 725 F.2d 125 (D.C. Cir. 1983) (dismissing plaintiffs' § 1981 claim based on allegedly false arrest where "plaintiffs have made no allegation of an attempt by the Defendants to impair their legal rights to equal and full access to means of legal recourse."). In other circuits, however, courts "have held that racially motivated arrests and searches made in the absence of probable cause" come within the rights protected by §

1981 because "they fall within the 'equal benefits' and 'like punishments' clauses of Section 1981(a)." *Cunningham v. Sisk*, 136 Fed. Appx. 771, 777 (6th Cir. 2005) (not selected for publication); *see also Hunt v. Jaglowski*, 665 F. Supp. 681, 683 (N.D.Ill. 1987) (finding that a cause of action arose under 42. U.S.C. § 1981 where plaintiff "alleges that the police defendants acted with racial animus in depriving Hunt of his civil rights.").

At this stage of the proceedings, however, Defendants only seek dismissal of Pittsburg, Baker, Bordenkircher, and Myers. As to Bordenkircher and Myers, the Court is disinclined to grant dismissal because Defendants provide no argument specific to them, instead referring the Court to their arguments regarding § 1983, discussed above. However, as § 1981 and § 1983 are not the same statute, it is not clear that the same arguments apply. Accordingly, Defendants' Motion to Dismiss Plaintiff's third cause of action is DENIED as to Bordenkircher and Myers.

As discussed above, a municipality cannot be held liable for constitutional injuries inflicted by its employees on a theory of respondeat superior. *Monell*, 436 U.S. at 691. The same policy or custom limitation applies to municipal liability under § 1981. *Fed'n of African Am. Contractors v. Oakland*, 96 F.3d 1204, 1214-15 (9th Cir. 1996). Moreover, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Thus, as he fails to allege any policy or custom in his § 1981 cause of action, Plaintiff's claim as pled against Pittsburg is not proper.

Similarly, "under Section 1981, supervisors may not be held vicariously liable for actions of other employees." *Brooks v. City of Fremont*, 2008 WL 1994889, at *6 (N.D. Cal. May 5, 2008). Instead, as with § 1983 claims, a plaintiff must allege facts which demonstrate "an affirmative link to casually connect the actor with the discriminatory action." *Id.* (citing *Simpson v. Martin, Ryan, Andrada, & Lifter*, 1997 WL 542701, *4 (N.D. Cal. Aug. 26, 1997) (finding "[a] supervisor's failure to prevent or remedy harassment is not an affirmative link making her personally liable"). Thus, to the extent Plaintiff sues Chief Baker in his official capacity, such a suit "is equivalent to a suit against the governmental entity itself." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

Thus, the same analysis that applies to Plaintiff's *Monell* claims against Pittsburg also applies to Chief Baker. Plaintiff's claim against Baker as pled must also fail.

However, based on his Opposition, it appears that Plaintiff is attempting to bring a *Monell* cause of action against Pittsburg and Baker. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's third cause of action with respect to Pittsburg and Baker WITH LEAVE TO AMEND. If Plaintiff chooses to amend his FAC, he must allege a separate *Monell* cause of action. Further, if Plaintiff chooses to bring a separate § 1981 claim against Baker in his individual capacity, he must allege Baker's personal involvement or a sufficient causal connection between his individual conduct and the constitutional violation.

2.      California Civil Code section 51.7

Section 51.7 protects individuals from violence on account of multiple protected characteristics, including race, sex, and marital status. *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 869, 880 (2007).[2] To state a claim under section 51.7, the plaintiff must allege that: (1) the defendant threatened or committed violent acts against the plaintiff or his or her property; (2) a motivating reason for the defendant's conduct was his or her perception of a protected status; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing the plaintiff harm. *Id.* at 880-81.

The Court agrees with Defendants that the allegations in support of Plaintiff's Section 51.7 claim are insufficient as to Bordenkircher and Myers. As discussed above, the alleged violent acts were committed by Galer, Boccio, Ruff, and Mathews. Thus, Defendants' Motion is GRANTED WITHOUT LEAVE TO AMEND as to Bordenkircher and Myers. As to Pittsburg, courts have

---

[2] Section 51.7 provides: "(a) All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive; (b) This section does not apply to statements concerning positions in a labor dispute which are made during otherwise lawful labor picketing." Cal. Civ. Code § 51.7.

8

construed the statute to create liability on the part of an employer for a section 51.7 violation committed by one employee against another. *Winarto v. Toshiba Am. Elec. Components*, 274 F.3d 1276, 1290, 1292-93 (9th Cir. 2001); *Stamps v. Superior Court*, 136 Cal. App. 4th 1441, 1457 (2006). Thus, as Defendants provide no arguments specific to Pittsburg's liability under 51.7, their Motion to Dismiss Plaintiff's fourth causes of action is DENIED as to Pittsburg.

**C.      Fifth, Sixth, and Seventh Causes of Action**

In his fifth, sixth, and seventh causes of action, Plaintiff alleges that all Defendants (except Baker) are liable for assault, battery, and IIED, respectively. FAC ¶¶ 28-36. Defendants argue that these claims should be dismissed as to Bordenkircher and Myers because their alleged involvement is limited to misreporting of witness interviews. Mot. at 5. As to his assault and battery claims, Plaintiff argues that Defendants fail to recognize their potential liability as co-conspirators. Opp'n at 11. However, as Plaintiff alleges conspiracy against Bordenkircher and Myers in his twelfth cause of action, any such claim here is redundant. Accordingly, the Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss Plaintiff's fifth and sixth causes of action as to Bordenkircher and Myers.

As to his IIED claim against Bordenkircher and Myers, Plaintiff argues that deliberately falsifying a witness statement in a police report is outrageous and extreme conduct that would cause extreme emotional distress. Opp'n at 12. Assuming that Plaintiff's FAC alleges a proper cause of action against Bordenkircher and Myers (and the Court makes no such finding here), Defendants argue that Plaintiff failed to include them in his claim under the Tort Claims Act[3]; thus, any such claim must fail. Mot. at 5.

The California Tort Claims Act requires that "all claims for money or damages against local public entities" or public employees acting within the scope of that employee's public employment must be presented to the employer. Cal. Gov't. Code §§ 905, 950.2. "[N]o suit for money or

---

[3] Defendants submitted Plaintiff's Tort Claim in its Request for Judicial Notice (RJN), filed November 15, 2012. Dkt. No. 36. As Defendants' RJN is unopposed, the Court GRANTS Defendants' request and takes judicial notice of Plaintiff's Tort Claim. Fed. R. Evid. 201.

damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected." Cal. Gov't. Code § 945.4; *Maynard v. City of San Jose*, 37 F.3d 1396, 1406 (9th Cir. 1994) (stating that Tort Claims Act requirements apply to public employees as well); *Wilson-Combs v. Cal. Dep't of Consumer Affairs*, 555 F. Supp. 2d 1110, 1118 (E.D. Cal. 2008) (same); *Julian v. City of San Diego*, 183 Cal. App. 3d 169, 175 (1986) (same). Thus, a plaintiff's state law claims are barred unless the plaintiff has complied with the requirements of the Tort Claims Act before commencing a civil action. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

The purpose of the Tort Claims Act is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974). Consequently, a claim need not contain the detail and specificity required of a pleading, but need only "fairly describe what [the] entity is alleged to have done." *Shoemaker v. Myers*, 2 Cal. App. 4th 1407, 1426 (1992); *Turner v. State of Cal.*, 232 Cal. App. 3d 883, 888 (1991). As the purpose of the claim is to give the government entity notice sufficient for it to investigate and evaluate the claim, not to eliminate meritorious actions, *Blair v. Superior Court*, 218 Cal. App. 3d 221, 225 (1990), the claims statute "should not be applied to snare the unwary where its purpose has been satisfied." *Elias v. San Bernardino Cnty. Flood Cont. Dist.*, 68 Cal. App. 3d 70, 74 (1977).

In his Tort Claim, Plaintiff alleged that Bordenkircher and Myers agreed "to misstate the truth of what occurred in bad faith and malicious fashion so as to deprive [him] of his various right [sic] under the Constitution . . . ." RJN, Ex. A, Attach. 4a. While not specifically addressing a claim for IIED, the Court finds that Plaintiff's Tort Claim provides enough detail about the alleged facts of the case to put Defendants on proper notice of the potential for such a claim. In addition to allegations of excessive force related to the parole search, Plaintiff's claim states that the officers' participation included "false reporting" and "perjury." *Id.* Given this level of detail, the Court finds that Plaintiff's claim was sufficient notice for Pittsburg to investigate and evaluate a potential IIED claim

against Bordenkircher and Myers. Accordingly, Defendants' Motion to Dismiss Plaintiff's seventh cause of action is DENIED as to Bordenkircher and Myers.

As to Pittsburg, Defendants argue that it is named in the title of these three causes of action without any charging allegations; thus, its role, if any, is unknown. Mot. at 5. Plaintiff responds that Pittsburg is liable under the theory of respondeat superior. Opp'n at 17. However, as Plaintiff fails to allege this in his FAC, Defendants' Motion to Dismiss Plaintiff's fifth, sixth, and seventh causes of action is GRANTED WITH LEAVE TO AMEND as to Pittsburg.

### D. Eighth Cause of Action

Plaintiff's eighth cause of action is for negligence against all Defendants except Baker. Defendants argue that this count is improper as to Pittsburg given the lack of any statutory allegation. California's Tort Claims Act provides that public entities are not liable for injuries "[e]xcept as otherwise provided by statute." Cal. Gov. Code § 815(a). As such, a claim of direct liability against a public entity for negligence must be based on a specific statute creating a duty of care rather than on the general tort provisions embodied in Civil Code section 1714. *Camarillo v. City of Maywood*, 2008 WL 4056994, at *7 (C.D. Cal. Aug. 27, 2008) (citing *Eastburn v. Reg'l Fire Prot. Auth.,* 31 Cal.4th 1175 (2003)). As Plaintiff fails to allege Pittsburg's direct liability based on a specific statute, his claim must fail. However, in his Opposition, Plaintiff argues that Pittsburg is liable under a respondeat superior theory. Opp'n at 17. Public entities are "liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment." Cal. Gov't. Code § 815.2(a). The Court also recognizes that a public employee is liable for injury to the same extent as a private person, "except as otherwise provided by statute." Cal. Gov't. Code. § 820(a). Therefore, section 812.2(a) provides for respondeat superior liability against public entities where their employees acted negligently within the scope of their employment. *Camarillo*, 2008 WL 4056994, at *7. Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's negligence claim as to Pittsburg, but WITH LEAVE TO AMEND to allege respondeat superior liability.

As to Bordenkircher and Myers, Defendants argue that there is no allegation specific to them.

11

1  Mot. at 9. The Court agrees. However, in his Opposition, Plaintiff argues that Bordenkircher and
2  Myers misreported the statements of eyewitnesses, which fell below the standard of care of a
3  reasonable police officer, did not comply with proper police department procedure, and legally
4  caused severe emotional distress. Opp'n at 17. A party is liable for negligence when there is: (1) a
5  legal duty to use reasonable care; (2) breach of that duty; and (3) proximate cause between the breach
6  and the injury. *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009). In general, an
7  officer is not immunized from any negligence in conducting an investigation. *Obas v. Cnty. of*
8  *Monterey*, 2011 WL 738159, at *12 (N.D. Cal. Feb. 22, 2011) (citing *McCorkle v. City of Los*
9  *Angeles*, 70 Cal.2d 252, 261-62 (1969)). Thus, based on the argument presented in Plaintiff's
10 allegation, the Court finds that he may state a valid claim for negligence. Accordingly, the Court
11 GRANTS Defendants' Motion to Dismiss Plaintiff's negligence cause of action as to Bordenkircher
12 and Myers WITH LEAVE TO AMEND.

### E.     Tenth Cause of Action

14         Plaintiff's tenth cause of action is for violation of California Civil Code section 52.1 as to all
15 Defendants except Baker. FAC ¶¶ 47-51. Plaintiff alleges that Defendants "interfered with [his]
16 exercise and enjoyment of his civil rights . . . through the wrongful force and/or arrest." *Id.* ¶ 48.
17 Defendants argue that Plaintiff fails to state facts sufficient to constitute a cause of action against
18 Bordenkircher and Myers. Mot. at 10. In response, Plaintiff argues that Bordenkircher and Myers'
19 "wrongful acts of falsifying the police report and witness statements were a direct violation of
20 Plaintiff's rights, flowed from their abuse of their law enforcement authority and served to interfere
21 with Plaintiffs [sic] Constitutional right to Equal Protection under the law and his right to be free
22 from excessive force by police." Opp'n at 15-16.

23         Section 52.1 permits a civil action against a person who interferes or attempts to interfere by
24 threats, intimidation or coercion with "exercise or enjoyment" of rights secured by the United States
25 and California Constitutions and laws. *Meyers v. City of Fresno*, 2011 WL 902115, at *6 (E.D. Cal.
26 Mar. 15, 2011). "Section 52.1(b) provides a cause of action to any person who has been denied rights
27 under the laws of California." *Winarto*, 274 F.3d at 1289, n. 13, *cert. denied*, 537 U.S. 1098 (2003).

12

A section 52.1 plaintiff must demonstrate that the constitutional violation "occurred and that the violation was accompanied by threats, intimidation or coercion within the meaning of the statute." *Barsamian v. City of Kingsburg*, 597 F. Supp. 2d 1054, 1057 (E.D. Cal. 2009). The necessary elements for a section 52.1 claim are: "(1) defendants interfered with plaintiff's constitutional rights by threatening or committing violent acts; (2) that plaintiff reasonably believed that if she exercised her constitutional rights, defendants would commit violence against her property; (3) plaintiff was harmed; and (4) defendants' conduct was a substantial factor in causing plaintiff's harm." *Tolosko-Parker v. County of Sonoma*, 2009 WL 498099, at *5 (N.D. Cal. Feb. 26, 2009).

Here, Plaintiff's FAC fails to establish the necessary elements of a section 52.1 claim as to Bordenkircher and Myers. Plaintiff alleges that they falsified witness statements, but nowhere, either in his FAC or in his Opposition, does he allege that Bordenkircher and Myers threatened or committed violent acts. Accordingly, Defendants' Motion to Dismiss Plaintiff's section 52.1 cause of action is GRANTED WITHOUT LEAVE TO AMEND.

## CONCLUSION

For the reasons sets forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss (Dkt. No. 35) as follows.

The Court **GRANTS WITHOUT LEAVE TO AMEND** Defendants' Motion to Dismiss Plaintiff's first cause of against Pittsburg, Bordenkircher, and Myers. The Court **GRANTS WITH LEAVE TO AMEND** Defendants' Motion as to Chief Baker.

The Court **DENIES** Defendants' Motion to Dismiss Plaintiff's third cause of action as to Bordenkircher and Myers. The Court **GRANTS WITH LEAVE TO AMEND** Defendants' Motion as to Pittsburg and Baker.

The Court **GRANTS WITHOUT LEAVE TO AMEND** Defendants' Motion to Dismiss Plaintiff's fourth cause of action as to Bordenkircher, and Myers. The Court **DENIES** Defendant's Motion as to Pittsburg.

The Court **GRANTS WITHOUT LEAVE TO AMEND** Defendants' Motion to Dismiss Plaintiff's fifth cause of action as to Bordenkircher, and Myers. The Court **GRANTS WITH**

**LEAVE TO AMEND** Defendants' Motion as to Pittsburg.

The Court **GRANTS WITHOUT LEAVE TO AMEND** Defendants' Motion to Dismiss Plaintiff's sixth cause of action as to Bordenkircher and Myers. The Court **GRANTS WITH LEAVE TO AMEND** Defendants' Motion as to Pittsburg.

The Court **DENIES** Defendants' Motion to Dismiss Plaintiff's seventh cause of action as to Bordenkircher and Myers. The Court **GRANTS WITH LEAVE TO AMEND** Defendants' Motion as to Pittsburg.

The Court **GRANTS WITH LEAVE TO AMEND** Defendants' Motion to Dismiss Plaintiff's eighth cause of action as to Pittsburg, Bordenkircher, and Myers.

The Court **GRANTS WITHOUT LEAVE TO AMEND** Defendants' Motion to Dismiss as to Plaintiff's tenth cause of action as to Bordenkircher and Myers.

If Plaintiff chooses to file a second amended complaint, he must do so by December 27, 2012. As to Defendants' Motion for a More Definite Statement, Plaintiff should be mindful to plead his claims with greater specificity. Thus, for each cause of action, Plaintiff must state the specific facts he alleges are relevant to the claim rather than generally referring to his Statement of Facts.

**IT IS SO ORDERED.**

Dated: December 7, 2012

Maria-Elena James
Chief United States Magistrate Judge